(88 South. 432)

## HARDEN v. BRADLEY. (6 Div. 157.)

(Supreme Court of Alabama. April 14, 1921.)

**1. Evidence ☞317(2)—Hearsay incompetent, though received to explain witness' remembrance of fact.**

On an issue as to whether plaintiff's witness, in an action for injuries in an automobile collision with defendant's street car, was on the car when he claimed to have seen the accident, the reception of testimony of defendant's witness that nearly a year thereafter somebody told him plaintiff's witness was expecting an overcoat out of the lawsuit, though received only to explain why he remembered the witness was not on the car, was reversible error, being hearsay, dubiously related to the fact remembered, remote in time, and calculated to discredit plaintiff's witness.

**2. Trial ☞260(8)—Instruction given held not to cover a requested instruction appropriate to the case.**

In an action for injuries in an automobile collision with defendant's street car, an instruction that, if the manifestation of peril of plaintiff, and her being seen by defendant's motorman, was so close in point or in time that the car could not be stopped in time, there was no lack of due diligence to avoid injuring her after discovering her peril, so obscurely expressed the doctrine that if the negligence of the driver of the automobile intervened between the negligence of the motorman and plaintiff's injury as an independent proximate cause thereof, plaintiff should not recover, as to be misleading, even apart from a verbal omission in the charge as given.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Dora Harden against Lee C. Bradley, as Receiver of the Birmingham Railway, Light & Power Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The charge made the basis of the fourth assignment of error is as follows:

"If you believe from the evidence the manifestation of peril of the plaintiff, and her being seen by defendant's servant or agent in charge of said street car, was so close in point or in time that the car could not have been stopped under the circumstances and with the appliances in hand in time to have avoided the injury to her, then the defendant's servant or agent in charge of said car cannot be deemed guilty of a failure to exercise due diligence to avoid injury to plaintiff after discovering her peril."

The other matters treated sufficiently appear from the opinion.

Stokely, Scrivner & Dominick, and Ben F. Smith, all of Birmingham, for appellant.

Hearsay evidence is always inadmissible. The negligence of the driver of the automobile cannot be imputed to the plaintiff. 194 Ala. 265, 69 South. 875, L. R. A. 1916E, 1190; 195 Ala. 378, 70 South. 729. Charges given defendant were erroneous. 168 Ala. 262, 52 South. 896; 166 Ala. 460, 52 South. 75; 160 Ala. 594, 49 South. 369; 148 Ala. 69, 41 South. 616; 148 Ala. 96, 42 South. 627; 96 Ala. 363, 11 South. 427; 153 Ala. 133, 45 South. 51; 184 Ala. 601, 64 South. 44. Renfroe, v. Collins, 201 Ala. 489, 78 South. 395.

Tillman, Bradley & Morrow, Chas. E. Rice, and F. M. Brown, all of Birmingham, for appellee.

Counsel discuss the evidence assigned as error, but cite no authority to support their contention. They insist that the charge made the basis of the fourth assignment of error was correct, and they cite 148 Ala. 673, 41 South. 829; 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 196 Ala. 663, 72 South. 263.

SAYRE, J. [1] Plaintiff, appellant, brought this action to recover damages for personal injuries suffered in a collision between an electric street car, operated by defendant's employé, and an automobile in which plaintiff was a passenger. One Kelly testified as a witness for plaintiff, saying that he stood on the front of defendant's car, whence he saw the accident and the immediately antecedent facts, and his testimony, if credited by the jury, must have been considered as of much consequence. On the other hand, one Bradley (not the defendant) testified that he

saw the accident from the front of the car, and that Kelly was not there. If believed, he was an important witness for the defendant. On cross-examination, the witness Bradley testified that he remembered that Kelly was not on the car, but that he had had no reason or occasion to think about the matter until yesterday, when he had been asked about Kelly's presence. Then followed an extended cross-examination, by which plaintiff sought to develop the accuracy of the witness' memory on that point. On redirect examination, this witness was allowed, over plaintiff's duly registered exception, to testify that within the last few months—the trial was had approximately one year after the accident—somebody on the street car had told him that "there was a fellow out there by the name of Kelly was expecting an overcoat out of this lawsuit." Notwithstanding the trial court was very careful to instruct the jury that this statement of the witness was not to be received as evidence of the fact stated, but only for the purpose of explaining why the witness remembered that Kelly was not on the car, our judgment is that herein reversible error is shown. The alleged exciting cause of the witness' recollection was so dubiously related to the fact remembered in the way of causation, so remote in point of time, and his testimony so obviously calculated to discredit plaintiff's witness with the jury, that, being mere hearsay, it should have been rejected. For this error, the effect of which we cannot certainly or safely compute, the judgment in the cause will be reversed.

[2] The charge shown in the fourth assignment of error seems to lack a word, and, besides, the idea it was directed to, viz. that if the negligence of the driver of the automobile intervened between the alleged negligence of defendant's motorman and plaintiff's injury as an independent proximate cause of that injury, plaintiff should not recover, was obscurely expressed. Defendant was clearly entitled to have that doctrine stated to the jury, and we by no means intend to say that his requested instruction should have been framed in the meagre language we have employed; but we doubt that the charge, as framed by defendant, and apart from its verbal omission, was free from misleading tendency.

We find no other error; but we think it not inappropriate to suggest that, whereas the bill of exceptions covers more than 80 pages of the record, 5 or 6, rule 32, p. 1526, of the Code being observed, would have amply sufficed to present every question brought into review.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.